# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NICKOLAS JAMES PARNELL,<br><br>Defendant. | Case No. 1:17-CR-0022-BLW-1<br><br>**REPORT AND**<br>**RECOMMENDATION** |

On June 13, 2017, Defendant Parnell appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement (Dkt. 18). The Defendant executed a waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the applicable Indictment (Dkt. 1), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds that there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States

**REPORT AND RECOMMENDATION - 1**

Probation Office.

Because the offense to which Defendant entered his guilty plea is a crime of violence and an offense described in subparagraph (A) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate. The Government, while acknowledging the mandatory detention provision in Section 3143(a)(2), did not object to continuation of release and indicated unawareness of any violations of release conditions after the time its Motion for Detention was withdrawn on February 24, 2017, and Defendant was released on strict conditions of pretrial supervision by Magistrate Judge Bush. (Dkt. 13, 14.) Further, the Government indicated it was unaware of any information that would enhance the risk of nonappearance or danger to the community if release is continued.

The Court found that the combination of the strict conditions of release set by the Court should reasonably assure the appearance of the Defendant at the time of sentencing or otherwise required and the safety of any other person and the community pending imposition of sentencing. Further, continued release will allow Defendant to continue his psycho-sexual evaluation and commence therapy, to obtain necessary dental care and treatment that is scheduled to be completed prior to the date set for sentencing, and to continue to provide care and assistance to his disabled mother. Considering the totality

of the circumstances, the Court finds exception reasons were clearly shown as to why detention pending imposition of sentence is not appropriate.

## RECOMMENDATION

NOW THEREFORE IT IS HEREBY RECOMMENDED:

1) The District Court accept Defendant Parnell's plea of guilty to Count Two of the Indictment (Dkt. 1),

2) The District Court order forfeiture consistent with Defendant Parnell's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 1) and the Plea Agreement (Dkt. 18),

3) The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss Counts One and Three of the Indictment (Dkt. 1), and

4) The District Court continue Defendant Parnell's release pending sentencing, subject to the conditions of release set by Judge Bush on February 24, 2017 (Dkt. 14).

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: June 14, 2017

_____
CANDY WAGAHOFF DALE
U.S. MAGISTRATE JUDGE